BRIAN M. BOYNTON
Acting Assistant Attorney General
BRIAN D. NETTER
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
MICHAEL P. CLENDENEN
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Janet Yellen, in her official capacity as Secretary of the Treasury, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00514-DJH<br><br>Related case: 2:22-cv-00112-SPL<br><br>**MOTION TO TRANSFER** |

Defendants Janet Yellen (in her official capacity Secretary of the Treasury), Richard K. Delmar (in his official capacity as Acting Inspector General of the Department of Treasury), and the U.S. Department of Treasury respectfully request the Court enter an order transferring *Ducey v. Yellen*, 2:22-cv-00112, to the Honorable Diane J. Humetewa under Local Rule 42.1 because it is related to a previously filed case (*Arizona v. Yellen*, 2:21-cv-00514-DJH) also arising under the American Rescue Plan Act ("Rescue Plan" or "Act").

On March 11, 2021, Congress enacted the Rescue Plan. *See* Pub. L. No. 117-2, § 9901(a) (codified at 42 U.S.C. §§ 802–805). The Act establishes a "Coronavirus State Fiscal Recovery Fund," allocating nearly $200 billion for the States and the District of Columbia to "mitigate the fiscal effects" of the pandemic. 42 U.S.C. § 802(a)(1); *id.* § 802(b)(3)(A). Congress gave States considerable flexibility to use these new federal funds, which may be directed to a broad variety of state efforts to respond to the pandemic and to its economic effects, including by funding state-level government services and by providing assistance to households, small businesses, and industries. *Id.* § 802(c). To ensure that the new federal funds would be used for the broad categories of state expenditures it identified, Congress specified that States cannot use the federal funds to offset a reduction in net tax revenue resulting from changes in state law. *Id.* § 802(c)(2)(A) (the "offset provision").

Both *Ducey v. Yellen* and *Arizona v. Yellen* should be related and *Ducey v. Yellen* should be transferred to Judge Humetewa under Local Rule 42.1. That rule provides for case transfer when two or more cases "(1) arise from substantially the same transaction or event"; "(2) involve substantially the same parties or property"; "(3) involve the same patent, trademark, or copyright"; "(4) call for determination of substantially the same questions of law"; or "(5) for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a). Here, both cases involve substantially the same parties, arise from

the Rescue Plan, call for a determination of similar legal issues, and would advance judicial economy if they were related.

For starters, both *Ducey v. Yellen* and *Arizona v. Yellen* "involve substantially the same parties." LRCiv 42.1(a).  The defendants in both cases—the Secretary of the Treasury, the Acting Inspector General of the Treasury Department, and the Treasury Department itself—are identical.  *See* Ex. 1, Arizona Compl. ¶¶ 15–17; Ex. 2, Ducey Compl. ¶¶ 12–14.  And while the plaintiff in both cases is not identical—the State of Arizona and the Governor of Arizona—they both represent Arizona in an official and sovereign capacity.  *See Grand Canyon Skywalk Dev., LLC v. Sa Nyu Wa, Inc.*, 2012 WL 6101901, at *3 (D. Ariz. Nov. 21, 2012) (finding substantially the same parties, despite an additional twelve Tribal Council defendants in one case, because "the pleadings largely treat the council members as surrogates for the Tribe or Tribal Council").  So the two cases "involve substantially the same parties" and should be related for that reason alone.[1]

But the overlap does not stop there.  Both cases stem from the Rescue Plan and involve similar legal issues, so they both "arise from substantially the same transaction or event" and "call for determination of substantially the same questions of law."  LRCiv 42.1(a).  The previously filed case, *Arizona v. Yellen*, asked the Court to interpret the Rescue Plan's permissible and impermissible uses in 42 U.S.C. § 802(c) and determine whether (a) Arizona had standing to raise a challenge to that section, and (b) if so, whether the offset provision violated the Spending Clause.  *See Arizona v. Yellen*, --- F. Supp. 3d ---, 2021 WL 3089103 (D.

---

[1] Because the triggering conditions in Local Rule 42.1(a) are enumerated in a list where the last condition is preceded by an "or," the conditions are considered disjunctive and the satisfaction of any one condition would be enough to relate two cases. *See United States v. Woods*, 571 U.S. 31, 45 (2013) (explaining that when "the operative terms are connected by the conjunction 'or,'" as in Local Rule 42.1, "its ordinary use is almost always disjunctive"); *cf. Rose v. U.S. Postal Service*, 774 F.2d 1355, 1360–61 n. 14 (9th Cir. 1984) (finding disjunctive a statute containing a list of offenses whose last two items are separated by an "or").

Ariz. July 22, 2021). Similarly, *Ducey v. Yellen* asks the Court to interpret the Rescue Plan's permissible and impermissible uses in 42 U.S.C. § 802(c) and determine whether (a) the Governor has standing to raise a challenge under that section, and (b) if so, whether Treasury had the authority to issue, and potentially enforce, regulations about those uses, including under the Spending Clause. *See* Ex. 2, Ducey Compl. ¶¶ 72–105. So both cases "arise from substantially the same . . . event"—the Rescue Plan—and "call for determination of substantially the same questions of law." LRCiv 42.1(a).

With such a substantial overlap in parties and legal issues, there can be little doubt that relating these two cases under *Arizona v. Yellen* will advance judicial economy. Judge Humetewa is intimately familiar with the Rescue Plan, Treasury's authority under that statutory scheme, and attendant standing and Spending Clause issues in this context. *See, e.g.*, *Arizona v. Yellen*, 2021 WL 3089103, at *2–6; *id.* at *4 (analyzing whether "it is within the Secretary's power, under ARPA, to request that Arizona identify funds used to offset tax changes, which is one of ARPA's conditions"). There is no reason for Judge Logan to engage in a "duplication of labor" to do the same. LRCiv 42.1(a)(5); *Garcia v. Army*, 2015 WL 5646640, at *2 (D. Ariz. Sept. 25, 2015) (granting motion to transfer where the judge "ha[d] developed familiarity with the issues involved in the cases"). Nor is there any reason to risk inconsistent rulings between the two cases. *See Caron v. Caesars Ent. Corp.*, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) (granting motion to transfer where "transfer and consolidation will avoid the potential of inconsistent outcomes"). Defendants therefore respectfully request that *Ducey v. Yellen* be transferred to Judge Humetewa as a related case to *Arizona v. Yellen*.

| | | |
|---|---|---|
| 1 | DATED: February 1, 2022 | Respectfully submitted, |

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

<u>/s/ *Stephen Ehrlich*</u>
MICHAEL P. CLENDENEN
STEPHEN EHRLICH
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*